UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **NELSON CHAMBERS**<br>    **LA. DOC #594546**<br>**VS.** | **CIVIL ACTION NO. 6:15-cv-2322**<br><br>**SECTION P**<br><br>**JUDGE REBECCA F. DOHERTY** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Pro se petitioner Nelson Chambers, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 2, 2015. Petitioner attacks his 2011 convictions for aggravated rape, aggravated burglary, first degree robbery, and unauthorized use of a motor vehicle and the concurrent sentences of life and 15 years imposed in 2012 by the Fifteenth Judicial District Court, Lafayette Parish. On December 14, 2015, plaintiff was instructed to amend his complaint within 40 days to provide, among other things, "(1) a copy of the application for writ of *certiorari* filed by or on behalf of petitioner in the Louisiana Supreme Court on direct review under Docket Number 2014-K-0091; (2) a DATED copy of the Application for Post-Conviction Relief filed by or on behalf of petitioner in the Fifteenth Judicial District Court; and (3) with regard to Petitioner's Motion for Stay and Abeyance, petitioner was asked to explain why he was unable to file his application for State Post-Conviction Relief within one year of the date his judgment of conviction became final by the conclusion of the time for seeking further direct review." [Doc. 9] Plaintiff has not responded to the order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §1915 and directed plaintiff to amend and provide the information needed to further evaluate his claims. Plaintiff has disregarded the order to amend, and, has not contacted the court since September 2, 2015, the date he filed his Motion for Leave to Proceed in forma pauperis [Doc. 2] and his Motion for Stay and Abeyance [Doc. 3].

Therefore,

**IT IS RECOMMENDED** that plaintiff's Petition for Writ of Habeas Corpus be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana, March 10, 2016.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE: 3/11/2016
BY: lw
TO: RFD, cg